**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CHARLES DEWAYNE YORK,**

**Plaintiff,**

**v.**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SSA,**

**Defendant.**

**CIVIL ACTION NO. 6:20-40-KKC**

**OPINION AND ORDER**

*** *** ***

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 10 & 13). The plaintiff, Charles Dewayne York, brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief on the denial of his claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will **deny** the Plaintiff's motion and **affirm** the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps, in summary, are:

*Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.

> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

In this case, proceeding with step one, the ALJ determined that York did not engage in substantial gainful activity during the relevant period of review—April 25, 2015 to December 31, 2015. (DE 6-1, Administrative Record ("AR") at 20).

At step two, the ALJ determined that, through December 31, 2015, the date he was last insured, York had severe history of diverticulitis, status post resection of a perforated diverticulum of the sigmoid colon, status-post hernia repair, and obesity. (*Id.*)

At step three, the ALJ found that York did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 (the Listings). (*Id*. at 22).

Before proceeding to step four, the ALJ determined that York had the residual functional capacity (RFC) to perform a broad range of "light" work, which allows him to

> frequently climb stairs and ramps; [] occasionally climb ladders, ropes, or scaffolds; can frequently kneel; and can occasionally stoop, kneel, crouch, and crawl.

(*Id*. at 23).

Next, the ALJ determined that York does not have the RFC to perform the requirements of his past relevant work. At step five, the ALJ determined that, considering the RFC and York's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that York can perform and, thus, he is not disabled. (*Id*. at 27-28).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied York's request for review. (*Id*. 5-7); *see* 20 C.F.R. § 422.210(a). York has exhausted his administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.*; *see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In assessing the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*; *see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, this Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

York argues that the ALJ erred in two ways. First, he argues that the ALJ's determination that he has the RFC to perform light work, with specific limitations, was not supported by substantial evidence. Second, he argues that the ALJ in his case was biased because she has a low rate of approving disability claims. Both claims have no merit.

As an initial matter, the Court notes that York mounts an exceedingly vague attack against the ALJ in objecting to the reasonableness of the RFC finding. RFC is an administrative finding of an individual's ability to perform work-related activities, and establishing the claimant's RFC is a decision reserved for the Commissioner. *See* 20 C.F.R. § 404.1545(a); SSR 96-5p: Titles II and XVI. The Commissioner's assessment is based upon all of the relevant medical evidence and other evidence in the record, including the claimant's testimony. 20 C.F.R. § 404.1545(a)(3).

ALJs use a two-part analysis in evaluating complaints of disabling symptoms: (1) the ALJ will determine whether there is an underlying, medically determinable, physical impairment or mental impairment that could reasonably be expected to produce the claimant's symptoms; and (2) if the ALJ finds that such an impairment exists, he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's

ability to do basic work activities. 20 C.F.R. § 404.1529; *Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 247 (6th Cir. 2007). In evaluating a claimant's severity of symptoms, relevant factors include: (i) the individual's daily activities; (ii) the location, duration, frequency, and intensity of the pain; (iii) factors that precipitate and aggravate symptoms; (iv) the type, dosage, effectiveness, and side effects of medication; (v) the treatment the individual receives or has received for relief; (vi) any other measures the individual has used to relieve pain; and (vii) any other factors concerning the individual's functional limitations. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

"Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record," including medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by treating physicians and others, statements by persons familiar with how the claimant's symptoms may affect her daily life, and any other relevant evidence contained in the record. *Rogers*, 486 F.3d at 247; 20 C.F.R. § 404.1529(c)(4). An ALJ is required to evaluate the claimant's symptoms and diminish her capacity for basic work activities to the extent that her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical and other evidence. 20 C.F.R. § 404.1529. Courts generally must defer to an ALJ's credibility determination because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Duncan v. Secretary of HHS*, 801 F.2d 847, 852 (6th Cir. 1986) (quoting *Kirk v. Secretary of HHS*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, the ALJ's determination must contain specific reasons for the weight given to the

claimant's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the claimant and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms. *Rogers*, 486 F.3d at 247-48; Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017).

The ALJ determined that York has the RFC to perform light work as defined under 20 C.F.R. § 404.1567(b) with the exception of certain limitations. The ALJ found that he can frequently climb stairs and ramps; can occasionally climb ladders, ropes, or scaffolds; can frequently kneel, and can occasionally stoop, kneel, crouch, and crawl. In determining York's RFC, the ALJ considered his medical history—including medical evidence for York's past treatments and surgeries, state agency reviewing medical and psychological consultants' opinions—and York's testimony regarding his symptoms and subjective complaints. The ALJ found that York's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, she found that his statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence. Indeed, the ALJ noted that York had normal findings upon examination.

York makes conclusory assertions that the ALJ ignored or minimized the evidence; however, he does not specifically explain how the ALJ erred and what evidence she failed to consider. The ALJ contemplated York's subjective complaints, which dated back several years, as well as the various surgeries and treatments he underwent. The ALJ noted that, weeks before the relevant period ended in December 2015, York received conservative treatment for his gastrointestinal complaints, which included medication and dietary modification. During the relevant period, York did not undergo any medical procedures nor received any other special treatment related to his abdominal impairments. Thus, the ALJ

noted that, to the extent his physical impairments do cause severe limitations, he could still engage in a "full range of work at a light exertional level." (AR 25).

The ALJ also gave considerable weight to the mental assessments of the state agency psychological consultants, given their expertise in the field of diagnosis and treatment of such impairments. The doctors opined that York's mental impairments were non-severe, and that they caused only mild limitations in his ability to adapt and manage himself, and that no other functional limitations existed. They also noted that York had reportedly reduced symptoms in late 2015, and that his mental health exams were normal, requiring no specialized treatment. Further, the ALJ gave considerable weight to the state agency medical consultant who reviewed York's medical records, history of abdominal surgeries, and any implications that obesity had on his health. He noted that York's ability to retain some capacity for light work was supported by the conclusions from his physical exams, and his own statements that his abdominal pain and reports of diarrhea had improved. Further, with respect to Nurse Practitioner Tiffany Treece's March and October 2017 opinions that York had limitations that would preclude even sedentary work and had poor to fair ability to perform mental activities (*see* AR 717-22, 736-39), the ALJ noted that these opinions did not cover the relevant time period, and thus, were given no weight.

To the extent York argues that the ALJ disregarded Dr. Jack Reed's opinion—opining that York was occasionally unable to lift, squat, bend, stand, reach, walk, sit, kneel, talk, climb stairs, see, hear, remember, concentrate, complete tasks, understand, follow instructions, get along with others, and use his hands—the facts do not support this conclusion. Dr. Reed admitted that, while York had some postural limitations, he was still able to engage in light work with no more than frequent kneeling and climbing ramps and stairs; and no more than occasional stooping, crouching, crawling, and climbing ladders,

ropes, and scaffolds. And in line with this opinion and York's postural limitations, the vocational expert found that York could still perform the light unskilled jobs of cleaner, cashier, and mail sorter. To the extent it is argued that the vocational expert should have found that York should be limited to sedentary work and disabled—given his age category (*see* DE 10 at 6)—at the time his insured status expired, York was only 48 years old; such an age is defined as a "younger" individual. *See* 20 C.F.R. § 404.1563(c). Moreover, even if York was limited to sedentary work, the sedentary GRID rules would authorize a finding of "not disabled" within the age category, given York's literacy and ability to effectively communicate in English. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 §§ 201.18-201.29.

The ALJ's decision adequately considered York's medical history, testimony, and reported symptoms in determining that he has the RFC to perform light work. The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination. The ALJ appropriately evaluated the relevant factors and diminished York's capacity for basic work activities to the extent that his alleged functional limitations and restrictions due to his symptoms can reasonably be accepted as consistent with the objective medical and other evidence. The ALJ provided specific reasons for discounting York's subjective complaints, and she explained why certain opinions were entitled to greater weight than others. Further, the ALJ did not erroneously depart from the prior ALJ's decision in his RFC finding. The ALJ expressly noted that she incorporated the prior ALJs RFC finding into her decision. Accordingly, the ALJ's decision must stand since it was supported by substantial evidence and decided under the proper legal standards.

Finally, York argues that the ALJ's decision was "compounded by an ongoing pattern of fundamental unfairness, prejudice and inherent bias against … [poor

individuals] from rural Appalachia." (DE 10 at 7-8). He argues that the ALJ's statistics of denying social security benefits demonstrates a clear pattern of discrimination and a "lack of impartiality." (*Id.*). However, this conclusory allegation is unsupported by any evidence, and without more, this is not the appropriate forum to make such types of allegations regarding the ALJ's pattern of decision-making.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **DENIED**;
2. The defendant's motion for summary judgment (DE 13) is **GRANTED**;
3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and
4. A judgment will be entered contemporaneously with this order.

Dated March 5, 2021




KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY